UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON DAVIS,

      Plaintiff,

v.                                     CASE NO.: 8:14-cv-651-T-23MAP

TAMPA SHIP, LLC,

      Defendant.

_____/

## ORDER

Alleging a violation of the Florida Private Whistleblower's Act, the plaintiff sued (Doc. 2) in state court.  The defendant removes (Doc. 1) and alleges diversity jurisdiction under 28 U.S.C. § 1332.  Arguing that the defendant has failed to show that the amount in controversy exceeds $75,000, the plaintiff moves (Doc. 6) to remand.

The removing defendant bears the burden of establishing facts supporting federal jurisdiction.  *See Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005).  If the complaint seeks an unidentified amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount-in-controversy" exceeds $75,000. *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002).  "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without

setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). "The Court . . . must review the amount in controversy at the time of removal to determine whether plaintiff's claim meets this jurisdictional prerequisite." *Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (Gold, J.).

In this action, the defendant asserts that the amount in controversy exceeds $75,000 because the sum of the plaintiff's estimated back-pay and estimated front-pay exceeds $75,000. The defendant's removal relies on calculating the plaintiff's back-pay not through the date of removal but through a hypothetical May 2015 trial date. However, because the amount in controversy is determined at the time of removal, the defendant must exclude post-removal back-pay when computing the amount in controversy.[1] *Wozniak v. Dolgencorp, LLC*, 2009 WL 4015577 (M.D. Fla. Nov. 19, 2009) (Merryday, J.) ("[The defendant] estimates that a judgment for the plaintiff would include more than $75,000.00 in backpay because this case is unlikely to proceed to trial within the next year. However, the amount in controversy is determined at the time of removal not at some speculative time of judgment. As of the date of removal, the amount of the plaintiff's alleged backpay is approximately $51,507.50. Accordingly, the defendant's allegations regarding backpay add only $51,507.50 to the amount in controversy." (citations omitted)).

---

[1] Even the defendant's speculative formula generates only $65,190.84 in back-pay. Thus, the defendant relies also on at least three months of front-pay.

The defendant correctly cites several orders from district courts within the Eleventh Circuit that include (in calculating the amount in controversy) post-removal back-pay.  However, the majority of orders that include post-removal back-pay justify that inclusion only by citation to other orders and not by independent justification. *See, e.g.*, *Sheehan v. Westcare Found., Inc.*, 2013 WL 247143 (M.D. Fla. Jan. 23, 2013); *Penalver v. N. Elec., Inc.*, 2012 WL 1317621 (S.D. Fla. Apr. 17, 2012); *Morris v. Plant Performance Servs., LLC*, 2011 WL 6203497 (N.D. Fla. Dec. 13, 2011); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011); *Deel v. Metromedia Rest. Servs., Inc.*, 2006 WL 481667 (N.D. Fla. Feb. 27, 2006).

Orders that explain why the amount in controversy should include post-removal back-pay[2] rely on *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010) – which permits "deduction, inference, or other extrapolation" in determining the amount in controversy – and *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) – which permits "experience and common sense in determining" the amount in controversy.[3]  However, although *Pretka* and *Michelin*

---

[2] *E.g.*, *Morgan v. Sears, Roebuck, & Co.*, 2012 WL 2523692 (S.D. Fla. June 29, 2012) (Marra, J.); *Marcenaro v. Creative Hairdressers Inc.*, 2012 WL 1405690, at *2 n.2 (S.D. Fla. Apr. 23, 2012) (Marra, J.); *Cashman v. Host Int'l, Inc.*, 2010 WL 4659399, at *2 (M.D. Fla. Nov. 9, 2010) (Moody, J.).

[3] The most recent (and most thorough) order that considered whether the amount in controversy should include post-removal back-pay is *Cordell v. W.W. Williams Co.*, 2014 WL 1652330 (N.D. Ala. Apr. 23, 2014) (Hopkins, J.), which explained:

> In sum, all Eleventh Circuit district court decisions that the undersigned is
> aware of and that have considered this issue post-*Pretka* have determined that

(continued...)

describe how a court may calculate an amount in controversy, they fail to change the

timing requirement for an amount in controversy.  Indeed, *Pretka* affirms that "[a]

court's analysis of the amount-in-controversy requirement focuses on how much is in

controversy at the time of removal, not later."  Even if a court could "deduce, infer,

or extrapolate" post-removal back-pay, that back-pay is not "in controversy" at the

time of removal.  *C.f. Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir.

1998) (excluding from the amount in controversy attorney's fees "that have not been

and may never be incurred, and are therefore not 'in controversy' between the

parties"); *Lott & Friedland, P.A. v. Creative Compounds, LLC*, 2010 WL 2044889 (S.D.

Fla. Apr. 21, 2010) (Hoeveler, J.) ("[T]he subsequent generation of attorney fees[]

---

[3](...continued)
back pay should be computed through an estimated trial date in order to
determine whether the requisite amount in controversy has been shown for
purposes of subject matter jurisdiction. This court is persuaded by that fact, the
rationale of the post-*Pretka* district court opinions cited above, and the
Eleventh Circuit's opinion in *Kok* [*v. Kadant Black Clawson, Inc.*, 274 F. App'x
856, 857 (11th Cir. 2008) (per curiam)].

*Cordell* cited, in addition to the precedent addressed in this order, *Kok*, which stated:

[At the district court, the defendant] opposed [the plaintiff's] motion [to
remand] and calculated [the plaintiff's] recovery for back pay from the date of
[the plaintiff's] termination to trial to equal $94,963. To support its calculation,
[the defendant] submitted [the plaintiff's] W-2 form that listed [the plaintiff's]
gross pay for the first 11 months of the year at $75,823.66 and an affidavit that
stated that [the plaintiff's] benefits within the same period were valued at
$7,944.71. The district court correctly concluded that [the defendant]
established that, at the time of removal, [the plaintiff's] complaint for damages
exceeded the amount in controversy required for diversity jurisdiction.

(citation omitted). *Cordell* admitted that *Kok* is somewhat "confusing" but believed that *Kok* affirmed
a district court's use (in calculating the amount in controversy) of post-removal back-pay. Regardless
of whether *Cordell* read *Kok* correctly, *Kok* is a *per curiam*, "unpublished" order that cites no
supporting precedent and offers no explanation.

- 4 -

cannot create jurisdiction that was lacking at the outset."); *Rogatinsky v. Metro. Life Ins. Co.*, 2009 WL 3667073 (Marra, J.) (S.D. Fla. Oct. 26, 2009) ("[P]ost-removal events, such as the subsequent generation of attorney fees, will not retroactively establish subject-matter jurisdiction."); *Waltemyer v. Nw. Mut. Life Ins. Co.*, 2007 WL 419663 (Steele, J.) (M.D. Fla. Feb. 2, 2007) (same).

Even assuming post-removal back-pay is in controversy at the time of removal, the defendant's estimation of the plaintiff's back-pay relies on trial occurring in May 2015.  However, "experience and common sense" suggests that this action will resolve before trial.  Abraham L. Wickelgren, *The Effect of Settlement in Kaplow's Multistage Adjudication*, 126 Harv. L. Rev. F. 145 (2013) ("In reality, of course, the vast majority of cases settle . . . .").  Indeed, not one of the seven actions – identified by the defendant or identified during a thorough search – that utilized post-removal back-pay for subject matter jurisdiction resulted in a trial, and six of the seven actions ended before the estimated trial date.[4]  In other words, assuming the occurrence of a

---

[4] The six actions that ended before the estimated trial date are *Sheehan v. Westcare Found., Inc.*, 2013 WL 247143 (M.D. Fla. Jan. 23, 2013) ("assuming for purposes of [subject matter jurisdiction] a trial date of May 5, 2014," but the parties settled on June 7, 2013); *Chase v. Ace Hardware Corp.*, 2013 WL 1788496, at *2 n.2 (S.D. Ala. Apr. 10, 2013) (estimating that "trial would not be scheduled, most likely, until April 2014" but an order entered judgment for the defendant on February 7, 2014); *Penalver v. N. Elec., Inc.*, 2012 WL 1317621 (S.D. Fla. Apr. 17, 2012) (estimating a December 3, 2012, trial date but the parties settled on October 10, 2012); *Messina v. Chanel, Inc.*, 2011 WL 2610521 (S.D. Fla. July 1, 2011) (estimating trial would occur in March 2012 but the parties settled on September 20, 2011); *Cashman v. Host Int'l, Inc.*, 2010 WL 4659399, at *2 (M.D. Fla. Nov. 9, 2010) (Moody, J.) (estimating a May 24, 2011, trial but the parties settled on March 25, 2011); and *Deel v. Metromedia Rest. Servs., Inc.*, 2006 WL 481667 (N.D. Fla. Feb. 27, 2006) (estimating a April 24, 2006, trial date but the action settled on April 13, 2006).

(continued...)

trial in the typical Florida Whistleblower's Act action or even in the typical

employment action is an assumption utterly contrary to the entire reservoir of

available historical data.

Also, establishing an amount in controversy that validates the defendant's

removal requires a preemptive dismissal of the effect of mitigation.  "Common

sense" suggests that, during the next fourteen months, the typical plaintiff will either

substantially mitigate his damages or fail to fulfill his obligation to mitigate his

damages.  In either circumstance, the amount in controversy is substantially smaller

than the amount estimated by the defendant, and the defendant's estimate only

barely exceeds $75,000.  *Moreland v. Suntrust Bank*, 2013 WL 3716400 (M.D. Fla.

July 15, 2013) (Steele, J.) ("[T]he correct calculation of back pay damages includes a

reduction for the income from plaintiff's new employment.").[5]  Finally, the defendant

---

[4](...continued)
The only action that ended after the estimated trial date is *Morgan v. Sears, Roebuck, & Co.*, 2012 WL 2523692 (S.D. Fla. June 29, 2012) (estimating trail would occur in May 2012, only five months after removal, but the parties settled in September 2012).

Three actions held that post-removal back-pay is in controversy but remanded the action for other reasons. *Marcenaro v. Creative Hairdressers Inc.*, 2012 WL 1405690, at *2 n.2 (S.D. Fla. Apr. 23, 2012) (remanding for another reason); *Morris v. Plant Performance Servs., LLC*, 2011 WL 6203497 (N.D. Fla. Dec. 13, 2011) (same); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1245 (M.D. Fla. 2011) (same).

[5] Several orders hold that the plaintiff must present evidence to demonstrate that mitigation has occurred or will continue to occur. *E.g., Sheehan v. Westcare Found., Inc.*, 2013 WL 247143 (M.D. Fla. Jan. 23, 2013) ("[T]he Court finds that Sheehan has not met his burden of proving that any mitigation of damages has occurred."); *Marcenaro v. Creative Hairdressers Inc.*, 2012 WL 1405690 (S.D. Fla. Apr. 23, 2012) (Marra, J.) ("[T]he Court concludes that the burden is on [the] Plaintiff . . . to demonstrate that mitigation of damages has occurred."); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1243 (M.D. Fla. 2011) (Conway, J.) ("[M]ost courts consider mitigation when
(continued...)

labels the front-pay estimate as "conservative" but offers no justification for that

evaluation.  *See also Gavronsky v. Walgreen Co.*, 2010 WL 717485 (M.D. Fla. Feb. 26,

2010) (Melton, J.) (excluding front-pay from the amount in controversy).

## **CONCLUSION**

The claim in this action is the creation of a Florida statute.  The Florida

plaintiff who asserts the claim chose a Florida court.  Nonetheless, if the defendant

reliably establishes diversity jurisdiction, the district court should adjudicate the

removed action.  However, if the defendant's proposed calculation of the amount in

controversy depends upon speculation, stretching, straining, puffing, or the

tendentious summing of all the pluses without regard to any of the minuses, the

district court should rely on only the solid, reliable, and balanced numbers and,

absent a sound and enduring demonstration of the requisite amount in controversy,

remand the action to state court.  Reliance on an inflated, contingent, or otherwise

unduly aggressive computation of the amount in controversy, an unseemly and

undignified exercise for a federal court, ought not oust the undoubted jurisdiction of

the state to adjudicate a state law claim.

---

[5](...continued)
calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of
mitigation."). However, because (in this action) the amount in controversy is so close to $75,000, the
plaintiff need not evidence mitigation. Nearly any mitigation or failure to mitigate within the next
fourteen months will reduce the amount in controversy to $75,000 or less, and common sense
suggests that mitigation or failure to mitigate will occur.

The plaintiff's motion (Doc. 6) is **GRANTED**.  Under 28 U.S.C. § 1447(c), this case is **REMANDED** for failure of the removing party to invoke federal jurisdiction.  The clerk is directed (1) to mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the clerk of the Circuit Court for Hillsborough County, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on May 30, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE